**SIGNED.**

**Dated: October 27, 2009**



_____
**JAMES M. MARLAR
Chief Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>AVC VILLA DEL LAGO AT OCOTILLO DEVCO, L.L.C., an Arizona limited liability company, fka AVC SWEETWATER VILLAGE, L.L.C., dbaVILLA DEL LAGO,<br><br>　　　　　　Debtor.<br><br>In re:<br><br>AVC ESTRELLA VILLAGE DEVCO, L.L.C., an Arizona limited liability company, dba THE VILLAS AT MOUNTAIN RANCH,<br><br>　　　　　　Debtor.<br><br>In re:<br><br>THE VILLAS AT OCOTILLO, L.L.C., an Arizona limited liability company, fka FOX VILLAGE VILLAS AT OCOTILLO, L.L.C.,<br><br>　　　　　　Debtor. | Chapter 11<br><br>Case No. 2:08-bk-06834-JMM<br><br>(Jointly Administered With<br>No. 2:08-bk-06836 and<br>No. 2:08-bk-06837)<br><br>**MEMORANDUM DECISION**<br><br>**(Re: Motion to Alter/Amend**<br><br>**Judgment by Arizona Village**<br><br>**Operating Company, Inc., and AVC**<br><br>**Service Company, LLC)**<br><br>(This Filing Applies Only To Villas At Ocotillo, L.L.C., Case 2:08-bk-06837) |

On September 22, 2009, this court heard oral argument on a motion to alter/amend the confirmation order filed by The Arizona Village Communities Operating Company, Inc. ("AVC") and AVC Service Company, LLC (previously known as Desert Fox Associates) ("Desert Fox") (DN 50, 08-6837). The confirmation order was entered for The Villas at Ocotillo case ("TVAO") on August 12, 2009 (DN 201, 08-06834). This motion was timely filed within ten days thereafter.

After argument, the court allowed additional time to the parties to further brief issues which were raised at the hearing. The parties have now done so, and the court feels adequately prepared to rule on the issues.

## **ABOUT THE DOCKET**

The names of the three Debtors and their affiliates are confusing throughout. It takes a steep learning curve to figure out who the parties are, and how they are related to one another. In doing its preparatory work for this Memorandum Decision, the court noted that many pleadings were cross-docketed across the three files, and that items may be (for example) filed under one case number but be related entirely to another of the three cases. Any reviewing party or court should be aware to cross-check all three Debtor files, in order to grasp the complete picture of the three Debtors and their affiliates, officers and owners.

## **INTRODUCTION**

What might appear, on the surface, to be a rather routine matter, is not. The issues raised by the moving parties are complex, and legally and procedurally deeply-rooted in bankruptcy jurisprudence.

Whether a person or entity is affected by a confirmed Chapter 11 plan, and is bound by its terms, requires an exploration, from many facets, of how the law works on a legal and practical level, what the relationships are between the interested parties, how deep and interwoven those relationships are, and whether the parties received adequate notice in order to present or protect their positions in a timely manner.

# BACKGROUND

## A. Pre-Bankruptcy

Before bankruptcy, the three related Debtors were engaged in an integrated business relationship to acquire, build, finance, develop and manage residential real estate. The individuals behind the entities were Richard C. Harkins and Susan Harkins, and Richard H. Heesch and Rea Heesch.

In the course of such enterprise, several legal entities were formed, each of which had a direct or indirect role in the collective enterprise. In some instances, other unrelated corporations became associated with the Debtors' entities or individuals in the business ventures. One of those unrelated third parties was Kitchell Custom Builders, LLC ("KCB"). KCB's role became dual in nature, acting as both the building contractor and a minority member of a management entity.

Eventually, the real estate developments failed for lack of funding, and each of the Debtors' related entities filed for Chapter 11 on June 10, 2008. At this time, then, blame began to be asserted.

## B. Chapter 11

Three related voluntary Chapter 11 cases were filed on June 10, 2008. They were:

| Name | Case No. | Outcome |
|---|---|---|
| AVC Villa Del Lago at Ocotillo Devco, LLC ("Lago") | 2:08-bk-06834 | Dismissed per minute entry dated 08/12/09 (DN 202, 08-6834) |
| AVC Estrella Village Devco, LLC ("Estrella") | 2:08-bk-06836 | Dismissed per minute entry dated 08/12/09 (DN 202, 08-6834) |
| The Villas at Ocotillo, LLC ("TVAO") | 2:08-bk-06837 | Creditor's plan confirmed on 08/12/2009 (DN 201, 08-6834) |

Although the three cases were jointly administered, only one, TVAO, proceeded completely to a confirmed plan of reorganization. The remaining two were eventually dismissed.

The June 10, 2008 petitions in each case were signed by Richard C. Harkins, as President Member and/or Manager of each of the Debtors, and of each of the entities which made up the membership interests in the three Debtors. And, in each instance, one of the moving parties here, AVC, was one of the entities involved in each Debtor. In each case, AVC assisted in payment of the attorneys for the filing of the cases. *See*:

| Lago | Case 08-6834 | DN 14 | para. 7-8 |
| Estrella | Case 08-6836 | DN 10 | para. 7-8 |
| TVAO | Case 08-6837 | DN 15 | para. 7-8 |

Moreover, AVC was listed on the master mailing list in each case, which lists were signed by Richard C. Harkins, as the responsible member of each entity. *See*,

| Lago | Case 08-6834 | DN 7 |
| Estrella | Case 08-6836 | DN 5 |
| TVAO | Case 08-6837 | DN 5 |

Richard C. Harkins signed each of the statements concerning each mailing list, on behalf of AVC.

The three Debtor's addresses, in each petition, were the same:

| Lago | Case 08-6834 | 1777 W. Ocotillo, Ste 15, Chandler, AZ 85248 | DN 1 |
| Estrella | Case 08-6836 | Same | DN 1 |
| TVAO | Case 08-6837 | Same | DN 1 |

This address is the same as AVC, which signed (through Richard C. Harkins) each of the petitions. *See* master mailing lists:

| Lago | Case 08-6834 | DN 7 |

4

| Estrella | Case 08-6836 | DN 5 |
| TVAO | Case 08-6837 | DN 5 |

Turning to the schedules and statement of affairs for each Debtor entity, the following other facts appear:

**Lago; Case 08-6834**

**DN 23 - Schedules**

| Schedule F - Unsecured Creditors | Desert Fox Associates $115,000[1] |
|---|---|
| Schedule H - Co-Debtors | • Arizona Village Communities Operating Company ("AVC")<br>• Richard and Susan Harkins<br>• Richard and Rea Heesch |

**DN 24 - Statement of Financial Affairs**

| No. 3 - Payments to Creditors Within Prior Year | Desert Fox Associates - Numerous payments |
|---|---|
| No. 19 - Locations of Books, Records and Financial Statements | Arizona Village Communities Operating Company, 1777 W. Ocotillo Rd., #13, Chandler, AZ 85248[2] |
| No. 21 - Current Partners, Officers, Directors and Shareholders | Arizona Village Communities Operating Company, 1777 W. Ocotillo Rd., #13, Chandler, AZ 85248 |

---

[1] Desert Fox Associates was the previous name of one of the moving entities in this motion, AVC Service Company, LLC.

[2] AVC is also one of the moving parties in the instant motion.

**DN 25 - Equity Security Holders**

    Arizona Village Communities Operating Company ("AVC") - 100%

## Estrella 08-6836

**DN 16 - Schedules**

| Schedule H - Leases | • Arizona Village Communities Operating Company<br>• Richard and Susan Harkins<br>• Richard and Rea Heesch<br>• Villas at Ocotillo, LLC (of which Arizona Village Communities Operating Company and Heesch Family Revocable Living Trust are equity members) |
|---|---|

**DN 17 - Statement of Financial Affairs**

| No 3 - Payments to Creditors Within One Year | • Arizona Village Communities Operating Company<br>• Desert Fox Associates |
|---|---|
| No 19 - Location of Books and Records | Arizona Village Communities Operating Company |
| No 21 - Current Partners, Officers, Directors and Shareholders | Arizona Village Communities Operating Company - 100% |

**DN 18 - Equity Holders**

    Arizona Village Communities Operating Company - 100%

## TVAO Case 08-6837

**DN 21 - Schedules**

| Schedule F - Unsecured Creditors | • Desert Fox Associates<br>  1777 W. Ocotillo, #15<br>  Chandler, AZ  85248<br>  $193,484.29<br>• Richard H. Heesch<br>  $481.27 |
|---|---|

| Schedule G - Leases | • Susan Harkins<br>• Richard Heesch |
|---|---|
| Schedule H - Co-Debtors | • Arizona Village Communities Operating Company<br>  1777 W. Ocotillo, #15<br>  Chandler, AZ 85248<br>• Richard and Susan Harkins<br>• Richard and Rea Heesch |

**DN 22 - Statement of Financial Affairs**

| No 3 - Payments to Creditors Within One Year | • Desert Fox Associates (affiliate)<br>• Susan Harkins (insider)<br>• Richard Heesch (insider) |
|---|---|
| No 21 - Current Partners, Officers, Directors and Shareholders | • Arizona Village Communities Operating Company<br>• Heesch Family Revocable Living Trust |

**DN 23 - Equity Security Holders**

Arizona Village Communities Operating Company - 100% (of Class C Equity Holders)

## C. The State Court Litigation

While these three bankruptcy cases were proceeding, Debtor TVAO, together with the two moving parties herein, AVC and Desert Fox, filed a state court action against KCB. That action was filed on February 17, 2009, and was signed by attorney Gregory E. Williams of the Phoenix law firm of Koeller, Nebecker, Carlson & Haluck, LLP ("KNCH"). While the Debtor TVAO did not need court authority to <u>file</u> the lawsuit (FED. R. BANKR. P. 6009), its attorneys, as special counsel, <u>did</u> need permission to act for TVAO. That permission was never granted by the bankruptcy court. That permission had been sought by KNCH on January 23, 2009 (DN 90, 08-6834). After consideration of the application, it was denied on March 5, 2009 (DN 111, 08-6834). Importantly, however, is at least one statement made in the KNCH application:

7

> The Debtors are related entities owned directly or indirectly by The Arizona Villages Communities Operating Company (the "AVC OpCo"), which also controls other entities related to the Debtors. One such entity is AVC Service Company, L.L.C. ("AVC ServCo"), which was formed to manage the Debtors and its affiliates.[3]

(DN 90, No.08-6834, at 2-3, lines 25-26; 1-2.) The pleading also noted that "all the claims arise from the same transaction." (DN 90, 08-6834, at 3, l. 10.)

The proposed litigation costs were to be paid by, and any recovery shared with, two individuals, George T. Simmons, III and Robert Turpin, "who were directors of AVC and [who] remain existing investors of, and in, AVC and its affiliate companies." (DN 90, Ex. 3, emphasis supplied.)

Simultaneously with the application to employ KNCB as special counsel, Debtor TVAO sought approval, by motion, to commence litigation against KCB (DN 91, 08-6834). That motion was denied on March 5, 2009 (DN 111, 08-6834). In spite of these judicial decisions, KNCH, nonetheless, went forward and filed the state court action against KCB on February 17, 2009. (*See* Ex. D to KCB response DN 54, 08-6837.)

## **D. The Inter-Relationships**

Thus, as can be seen from the foregoing analysis, and as additionally set forth in more detail in the entire record of the three cases and as further argued in the KCB response to the instant motion, the connection between the three Debtors and the two moving entities (AVC and Desert Fox[4]), Richard C. Harkins and Richard Heesch are express, evident and clearly identified.

Thus, in view of this background, the legal issue becomes--are AVC and Desert Fox bound by the plan?

---

[3] AVC ServCo was formerly Desert Fox Associates.

[4] Desert Fox changed its name to AVC Service Co., LLC. ("AVC ServCo"). AVC ServCo and AVC are the moving parties hereunder.

## E. The Creditor's Plan

The Bankruptcy Code authorizes creditors to file Chapter 11 plans, and in this case, creditor KCB did so, for the TVAO case only, on June 17, 2009 (DN 175, 08-6834). 11 U.S.C. § 1121(c). After the disclosure statement was approved, the KCB plan was circulated to creditors and parties in interest, voted on and confirmed on August 12, 2009 (DN 201, 08-6834).

The amended KCB plan was noticed out to, among others:

Koeller Nebeker Carlson & Haluck
Attn: William Nebeker, Esq.
Gregory E. Williams, Esq.
3200 N. Central Avenue, Suite 2300
Phoenix, AZ 85012-2443

AVC OPCO (one of the moving parties herein)
1777 W. Ocotillo Road, #15
Chandler, AZ 85248-5721

Desert Fox Associates (one of the moving parties herein)
1777 W. Ocotillo Road, #15
Chandler, AZ 85248-5721

Susan and Richard Harkins
9665 E. Caron Street
Scottsdale, AZ 85258-5600

Heesch Family Revocable Living Trust
8767 E. Via Del Arbor
Scottsdale, AZ 85258-3529

Richard H. Heesch
8767 E. Via Del Arbor
Scottsdale, AZ 85258-3529

Ms. AZ Designs
c/o Susan Harkins
9665 E. Caron Street
Scottsdale, AZ 85258-5600

(Certificate of Mailing, dated June 24, 2009, DN 180, 08-6834.) AVC and Desert Fox Associates are the moving parties here, asserting that the plan does not bind them.

The principal components of the KCB plan provided for a cash infusion, upon the plan's effective date, of $110,000, and a waiver of KCB's unsecured claim against the estate of $681,038.

In the definitions section of the KCB amended plan, the two moving parties here were expressly defined as:

> 2.5. **AVC Parent Company** shall mean AVC Operating Company Inc.
>
> 2.6. **AVC Service Company** shall mean AVC Service Company, L.L.C.[5]

(Plan, at 2.) In addition, the plan also expressly defined the state court litigation pending against KCB (Maricopa County Superior Court Case CV2009-002600) as:

> 2.37 **KCB Litigation** shall mean <u>any and all claims or causes of action asserted in the case now pending</u> in The Villas at Ocotillo, LLC et al. v. Kitchell Custom Builders, LLC, et al., Superior Court of the State of Arizona, Maricopa County, No. CV2009-002600, including any amendments or additions to such claims or causes of action.

(Plan, at 6, emphasis supplied.) Further, the definition section of the amended plan also referred to the "KCB Plaintiffs" as:

> 2.39. **KCB Plaintiffs** shall mean <u>TVAO, the AVC Parent Company</u>, and the <u>AVC Service Company</u>, any purported assignees of the claims or causes of action asserted by TVAO, the <u>AVC Parent Company</u>, and the <u>AVC Service Company</u> in the KCB Litigation, any purported successors to TVAO, the <u>AVC Parent Company</u>, and/or the <u>AVC Service Company</u>, and any person claiming by or through TVAO, the <u>AVC Parent Company</u>, and/or the <u>AVC Service Company</u> that seeks to assert a claim against KCB of the same type as the claims at issue in the KCB Litigation.

(Plan at 6, emphasis added.) In the section describing how the plan was to be implemented, KCB's plan provided:

> 6.1. **KCB Contribution.** Within five (5) business days of the Effective Date, KCB shall pay to the Disbursing Agent the sum of $110,000.00 for distribution to the holders of Allowed Claims under this Plan.

---

[5] Formerly, Desert Fox Associates.

> In exchange for the KCB Contribution, the claims asserted by the KCB Plaintiffs in the KCB Litigation shall be dismissed with prejudice, and the KCB Plaintiffs shall be deemed to have released [and] forever discharged KCB, KCB Custom Homes, Inc., KCB Corporation, Inc. (the "Released Parties"), from and against any and all claims, obligations, demands, liabilities, actions, causes of action, debts, contracts, controversies, agreements, promises, damages, demands and liabilities whatsoever, which the KCB Plaintiffs may ever have had, now has, or hereafter may have (whether known or unknown), relating to or arising in any manner from or as a result of the actions or events at issue in the KCB Litigation; provided, however, that such release shall not affect any obligation of KCB under this Plan. The Released Parties shall include all of their successors, assigns, parents, subsidiaries, affiliates, employees, agents, owners, operators, managers, officers, directors, attorneys, shareholders, and professionals.
>
> 6.2. **Waiver of KCB Claim.** In addition to making the KCB Contribution, KCB shall waive and forego its right to any distribution under this Plan on account of the KCB Claim and the KCB Mechanic's Liens. Nonetheless, KCB shall be entitled to vote the KCB Claim and the KCB Contribution.

(Plan at 11.) This important aspect of the plan was spelled out again in the plan:

> 6.14. **Settlement and Release of Causes of Action**. The KCB Litigation shall be settled and <u>all claims and causes of action</u> asserted by the KCB Plaintiffs <u>shall be released</u> in accordance with the provisions of §6.1 of the Plan. Any other Causes of Action that the Debtors may be entitled to assert shall be abandoned, released, and/or waived.

(Plan at 13, emphasis supplied.) And, to emphasize that this estate had very few, if any other assets, the KCB plan noted:

> 6.10 **Funding of the Plan.** The Plan shall be funded entirely by the KCB Contribution and the proceeds, if any, resulting from the sale of the personal property in TVAO Unit 16 pursuant to the Sale Motion.

(Plan at 12.)

The motivation for the KCB plan, its monetary contribution, its waiver of claim and its release from further litigation with the "KBC Plaintiffs" (Debtor TVAO, Desert Fox and AVC), was simply to disentangle itself, once and for all, from its connection to the three Debtors, the Debtors' affiliates and those individuals who controlled them. This type of plan is not unique to bankruptcy practice, and the Code envisions and encourages creative provisions which are designed to cut all sorts of legal Gordian knots. *See, e.g.,* 11 U.S.C. § 1123(b)(1) and (6); *see also In re*

*Associated Vintage Group, Inc.,* 283 B.R. 549, 560 (9th Cir. BAP 2002) ("[t]he hallmark of chapter 11 is flexibility in which the content of plans is primarily up to the genius of the drafter.")

### **F. The Voting**

The KCB plan was noticed out for the creditors to vote on. Among those casting votes against the plan were AVC (two votes) and Desert Fox Associates (one vote). Both the AVC and Desert Fox ballots were signed by Richard C. Harkins, as either president (AVC) or manager (Desert Fox). In each ballot, AVC and Desert Fox self-identified themselves as holding Class 4 general unsecured claims against TVAO. (*See* Ex. F to KCB response.)

With those ballots, both AVC and Desert Fox thrust themselves directly and squarely into participation in the TVAO case, in addition to all of the other cross-connections and close inter-relationships noted throughout the entire record in these cases. If there had been any doubt as to their involvement before they voted, none existed once those ballots were cast.

### **G. The Confirmation Hearing**

In its order setting the hearing on confirmation for July 28, 2009, the court's order, which accompanied the KCB plan, disclosure statement and ballot, stated that any objections to the KCB plan must be in writing and filed within five days prior to the hearing (DN 179, 08-6834). Neither AVC nor Desert Fox filed a written objection to the KCB plan, nor offered a spoken objection at the hearing. This decision to do nothing was highlighted by the appearance of their same KNCH state court counsel, who appeared but only on behalf of another, unrelated creditor.

Thus, after notice and without any legal objection having been made by either AVC or Desert Fox, the court confirmed the KCB plan (DN 201, 08-6834). The confirmation order was entered on August 13, 2009 (DN 201, 08-6834).

## H.  The Motion to Alter or Amend

All of the preceding background is necessary in order to properly address the instant AVC and Desert Fox motion to alter or amend, filed on August 21, 2009 (DN 50, 08-6837).

In their motion, AVC and Desert Fox ask the court to "alter or amend" the confirmation order to, in essence, allow them to continue with the state court litigation in Superior Court Case CV2009-002600, and to declare that they are not bound by the plan which requires dismissal of the state court action.

The matter was briefed and argued, and the court now rules.

## JURISDICTION

The issues presented are core matters.  28 U.S.C. §§ 157(b)(L) and (O).  This controversy concerns the critical issue of who is bound by the plan.

In general, once a plan is confirmed, the essential inquiry is "whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005) (quoting *In re Resorts Int'l, Inc.*, 372 F.3d 154, 166-67 (3d Cir. 2004)).  "[M]atters affecting 'the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.'" *Id.; see also In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545 548 (9th Cir. 2006) (citing *In re Pegasus Gold Corp.*).

Here, moreover, the plan provided for retained jurisdiction over such matters, so that there is no question but that the court can decide the merits of the instant controversy.  Jurisdiction was retained to, among other things:

> 12.7   Enter any necessary or appropriate orders to implement or consummate this Plan's provisions and all contracts, instruments, releases (<u>including</u> without limitation <u>the dismissal with prejudice of the KCB Litigation</u> and the release described in §6.l of this Plan), and other agreements or documents created in connection with this Plan.

> 12.8 Resolve any cases, controversies, suits, or disputes that may arise in connection with the consummation, interpretation, or enforcement of this Plan, or any person's obligations incurred in connection with this Plan; . . . .
>
> * * *
>
> 12.10 Issue injunctions, enter and implement other orders, or take any other necessary or appropriate actions to restrain any entity's interference with consummation or enforcement of this Plan;

(Plan at 19-20, emphasis supplied.)

## ISSUES PRESENTED

1. Is AVC Service Company, LLC ("Desert Fox Associates") bound by the plan?
2. Is The Arizona Village Communities Operating Company, Inc. ("AVC") bound by the plan?

## LEGAL DISCUSSION

Each of the issues involve questions of fundamental procedural due process, as well as whether substantive obligations were created by the plan. As for procedure, the court must decide if each of the moving parties had sufficient notice of the proceedings, which required them to voice objections. If so, are they now included in the plan's provisions, and can they be held to have substantively waived the right to object to the dismissal, with prejudice, of the KCB litigation pending in state court? The Bankruptcy Code clearly sets forth the effect of a confirmation order:

> ". . . .the provisions of a 'confirmed plan' bind the debtor . . . and any creditor, equity security holder, or general partner in the debtor . . . ."

11 U.S.C. § 1141(a). This statute is clear and unambiguous.

In addition to the statute, the Ninth Circuit has, on more than one occasion, held that an interested party is bound by the plan, <u>even if</u> the plan contained language which might not have passed a legal challenge. In other words, if a party has sufficient notice, but elects not to voice an objection, and a plan which is detrimental to that party's rights is confirmed, that party will be legally bound by the plan. *In re Heritage Hotel P'ship I*, 160 B.R.374 (9th Cir. BAP 1993), *aff'd*, 59 F.3d 175 (9th Cir. 1995) (unpub. mem. dec.); *In re Pardee*, 193 F.3d 1083, 1086 (9th Cir. 1999) (citing *Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir. 1995)); *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193 (9th Cir. 2008). Even faulty orders are entitled, at some point, to finality. *Pardee*, 193 F.3d at 1086; *Espinosa*, 553 F.3d at 1199.

As can be seen from the recitation herein, both AVC, Desert Fox and the individuals controlling them were deeply involved in these cases. They have involvement in every way and at every level--financial, contractual, managerial, ownership, and creditors. It is too late to now claim that they should be free to carry on litigation against the KCB entities. They were given clear notice of a plan which was going to affect their legal rights. They chose to do nothing.

On the other hand, KCB diligently and methodologically exercised its legal rights, and did so openly. The plan was clear as to what it intended to do, and how it proposed to do it. Creditors voted for the plan in the appropriate percentages, and the plan was confirmed. KCB has agreed to pay $110,000 in cash, and to release its claim of $681,038, in exchange for a release of litigation, which, by AVC and Desert Fox's own attorneys' statement, arises out of the same claim as that held by the Debtor TVAO.

The involvement of AVC, Desert Fox and its principals rise far above the "mere overlap" stated in their motion. They have been in too deep, for too long, to now claim innocent third-party status.

AVC and Desert Fox are bound by the plan, and they must dismiss the KCB litigation with prejudice, once KCB fulfills its commitment to fund the plan and waive its claim.

Finally, on a procedural note, the Rule 59 motion to alter or amend fails as well. This is because the court has not been given a chance to <u>change</u> anything. The arguments made are objections that should have been made in the first instance. The court has not been told why it

15

should re-think what it did, due to either misperceived facts or misapplied law, by parties who failed to initially object on a timely basis or who disagree with the court's decision. *See, e.g., Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

The time for AVC and Desert Fox to have made these arguments was as an objection to the plan, not raise them for the <u>first</u> time once a plan has been noticed, voted upon, a hearing held, and a confirmation order entered.

## **RULING**

Therefore, the FED. R. CIV. P. 59 motion, filed by AVC and Desert Fox, to alter or amend the confirmation order will be DENIED. A separate order will be entered. <u>Bank. R.</u> 9021.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

William A. Nebeker
Koeller Nebeker Carlson & Haluck
3200 N. Central Ave., #2300
Phoenix, AZ 85012                  Email: nebeker@knchlaw.com

Scott B. Cohen
Engelman Berger
3636 N. Central Avenue, Suite 700
Phoenix, AZ 85012                  Email: sbc@engelmanberger.com

Dale C. Schian
Schian Walker
3550 N. Central Ave. #1700
Phoenix, AZ 85012-2115             Email: ecfdocket@swazlaw.com

James W. Armstrong
Sacks Tierney, P.A.
4250 North Drinkwater Boulevard, 4thFloor
Scottsdale, AZ 85251-3693          Email: james.armstrong@sackstierney.com

Larry Lee Watson
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706             Email: larry.watson@usdoj.gov